

**ENTERED**
**08/09/2010**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE ) | |
| ) | |
| ANDREA E. BONEY, ) | CASE NO. 10-31356-H3-7 |
| ) | |
| Debtor, ) | |
| ) | |

<u>MEMORANDUM OPINION</u>

       The court has considered the Reaffirmation Agreement (Docket No. 23) filed by Chase Home Finance. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying approval of the reaffirmation agreement. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

       Andrea E. Boney ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 19, 2010. Robbye R. Waldron is the Chapter 7 Trustee. A discharge was entered on July 26, 2010.

       On the petition date, Debtor owned an interest in a home located in southwest Houston, Texas, and a contingent interest in three acres with a mobile home, located in Bastrop,

Texas. Debtor claimed both the Houston and Bastrop properties as exempt. (Docket No. 15). Debtor's schedules indicate that, on the petition date, Debtor was receiving $500 per month in income from the Bastrop property.[1]

The Chapter 7 Trustee objected to Debtor's claim of exemptions as to the Bastrop property, and, on July 13, 2010, the court entered an agreed order authorizing the Trustee to sell the estate's interest in the note, and pay $5,001.00 of the proceeds to Debtor, representing the exempt portion of the proceeds. (Docket No. 26).

Debtor's statement of financial affairs indicates that she received $21,747 in income from employment during 2008. Debtor testified that she previously worked as a banking professional, and that she would be prevented from working in banking as a result of having filed a bankruptcy case.

Debtor testified that she is looking for work, but has not obtained employment. She testified that she believes she will become employed within one to two months.

In the instant motion, Debtor seeks to reaffirm a debt of $95,773.38 owed to Chase Home Finance, secured by the home in southwest Houston, Texas. The reaffirmation agreement provides for payments of $1,014.44 per month. Debtor testified that she

---

[1] The schedules indicate that Debtor was receiving payments on a note with respect to the Bastrop property, and retained a vendor's lien. (Docket No. 15).

believes similar homes are presently selling for $80,000.

Debtor testified that she bought the home seven years ago. She testified that she lives across the street from her sister. She testified that her sister has assisted her in making payments in the past. She testified that she has $11,000 in an individual retirement account, and can rely on funds from that account to make payments, if necessary.

Debtor's schedule I indicates that, on the petition date, she was receiving no income other than the $500 per month she received from the note on the Bastrop property.

Debtor's schedule J indicates that Debtor has monthly expenses of $2,114.00 per month. Debtor testified that she has reduced expenses to $1,500 per month.

Debtor's statement in support of the instant reaffirmation agreement indicates income of $500.00 per month and expenses of $1,100 per month, excluding the monthly payment on the debt Debtor seeks to reaffirm in the instant motion. (Docket No. 23).

## Conclusions of Law

Under Section 524(m)(1) of the Bankruptcy Code, the court may disapprove a reaffirmation agreement if a presumption of undue hardship applies, and is not rebutted to the satisfaction of the court. A presumption of undue hardship applies if the debtor's monthly income less the debtor's monthly

expenses as shown on the debtor's completed and signed statement in support is less than the scheduled payments on the reaffirmed debt.  11 U.S.C. § 524(m)(1).

In the instant case, the Debtor's income as shown on the statement in support of the instant reaffirmation agreement is less than the expenses shown, and is less than the monthly payment on the debt sought to be reaffirmed.  Thus, a presumption of undue hardship applies.

In the instant case, Debtor has no equity in the home. Debtor is unemployed, and, after the sale of the Bastrop property, has no source of regular income.  Debtor will presumably have the $5,001 from the sale of the Bastrop property and the $11,000 in the individual retirement account available to her, but the sum of those funds is only sufficient to make the payments for a very short time in comparison to the duration necessary to amortize the debt Debtor is seeking to reaffirm.[2] The court concludes that Debtor has not rebutted the presumption of undue hardship.[3]

Based on the foregoing, a separate Judgment will be

---

[2]The reaffirmation agreement does not set forth the duration of the payments under the agreement.  It provides that the duration is specified in the underlying contract.  The underlying contract is not in evidence.

[3]The court notes, however, that, under Section 524(l) of the Bankruptcy Code, Chase may continue to accept payments from the Debtor, in the absence of a reaffirmation agreement.

entered denying approval of the Reaffirmation Agreement (Docket No. 23).

Signed at Houston, Texas on August 9, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE